# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEG BANDWIDTH PA, LLC, | ) | Case No. 3:16-cv-178 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SALSGIVER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is a contractual dispute between a telecommunications-infrastructure provider—PEG Bandwidth PA, LLC—and a contractor it hired to install fiber-optic cables—Salsgiver, Inc. Pending before the Court is PEG's motion to compel and for sanctions (ECF No. 37). PEG seeks an order (1) requiring Salsgiver to immediately produce all documents that are responsive to PEG's document requests; (2) declaring that Salsgiver has waived all objections to those document requests by failing to respond to those requests; (3) requiring Salsgiver to "pay PEG all reasonable attorneys' fees associated with its attempts to obtain documents responsive to its [document requests]"; and (4) imposing any additional sanctions on Salsgiver that the Court deems appropriate. (ECF No. 38 at 4.) For the reasons below, PEG's motion to compel and for sanctions will be granted.

# I.     Background[1]

PEG filed this case against Salsgiver on August 2, 2016, and the parties are currently engaged in fact discovery.  (*See* ECF No. 32.)  PEG served its first request for the production of documents on Salsgiver on January 25, 2017 (*see* ECF No. 38-1 at 16)—meaning Salsgiver's responses to those document requests were due on February 24, 2017, *see* Fed. R. Civ. P. 34(b)(2)(A).   As PEG explains in its motion, however, Salsgiver did not respond by that deadline.  But February 2017 was an eventful month for Salsgiver; it switched counsel (*see* ECF Nos. 30-32), and this switch prompted the parties to jointly move to modify the initial scheduling order so that Salsgiver's new counsel could become familiar with the case (ECF No. 32 ¶ 2).  The parties' proposed new scheduling order—which the Court entered on April 19, 2017—included a provision providing that "Defendant shall produce documents responsive to Plaintiff's First Request for Production of Documents on a rolling basis beginning no later than Friday, April 28, 2017."  (ECF No. 34 ¶ g.)

In PEG's motion, PEG's counsel states that no documents were provided by April 28 or any time thereafter.  PEG's counsel states further that he emailed Salsgiver's counsel on both May 2 and 13, 2017—copies of these emails are attached as exhibits to the motion—and left them a voicemail on May 13, 2017, to follow up on PEG's document requests.  According to PEG's counsel, Salsgiver's counsel did not respond to either email or the voicemail and has been completely uncommunicative, prompting PEG to file the motion to compel before the Court.

---

[1] These facts are derived from the case's docket and the exhibits PEG attached to its motion (ECF Nos. 38-1 to 38-5).  Salsgiver failed to respond to PEG's motion, so those exhibits are the only ones before the Court.

And although Salsgiver's response to PEG's motion was due by June 29, 2017, it failed to respond.[2]

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  This scope formerly included matters that were "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended no longer includes this language.  A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401.

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery.  The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested.  *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted).  If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate.  *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted).  The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient.  *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

---

[2] *See* Practices and Procedures of Judge Kim R. Gibson (revised Feb. 16, 2017), http://www.pawd.uscourts.gov/sites/pawd/files/Gibson-PP-201702.pdf, § II.D.3 ("Responses to motions to compel and all other discovery disputes shall be filed within 7 days from the date of service of the motion.").

Rule 37 provides also that if a motion to compel is granted, or if the requested discovery is provided after the motion's filing, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But there are some exceptions to this mandate. The Court must not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

## III. Discussion & Analysis

PEG seeks an order (1) requiring Salsgiver to immediately produce all documents that are responsive to PEG's document requests; (2) declaring that Salsgiver has waived all objections to those document requests by failing to respond to those requests; (3) requiring Salsgiver to "pay PEG all reasonable attorneys' fees associated with its attempts to obtain documents responsive to its [document requests]"; and (4) imposing any additional sanctions on Salsgiver that the Court deems appropriate. (ECF No. 38 at 4.) The Court will address each request below.

### A. Production

Whether PEG is entitled to the documents it seeks is an easy question. As the movant, PEG has the initial burden of proving the relevance of the material requested. *See Morrison*, 203 F.R.D. at 196. Although some of PEG's document requests are phrased broadly—for example, requests 28 and 29 seek any document Salsgiver "contend[s] constitutes an admission" by PEG

or Salsgiver—all of PEG's document requests nevertheless relate to this case and are directed at matters that would make facts of consequence in this case more or less likely. (*See* ECF No. 38-1.) The documents sought are thus relevant, meaning Salsgiver had to establish that their discovery is inappropriate. *See Momah*, 164 F.R.D. at 417. But Salsgiver failed to respond to PEG's motion to compel, and thus Salsgiver failed to carry its burden. Discovery of the documents PEG seeks is therefore appropriate and Salsgiver will be ordered to produce them.

B.     **Waiver**

Whether Salsgiver waived all objections to PEG's document requests by not responding to those requests is less straightforward. PEG relies on Federal Rule of Civil Procedure 33(b)(4) to argue that a party waives any objections to requests for production by failing to timely assert them. It is true that Rule 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." But Rule 33 governs interrogatories. And at issue here are not interrogatories; PEG issued document requests, which are governed by Rule 34. The equivalent objections provision under Rule 34—Rule 34(b)(2)(C)—provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Notably absent from Rule 34 is an automatic-waiver provision as found in Rule 33.

Although "[m]any district courts have concluded that the automatic-waiver provision of Rule 33(b)(4) should be read into Rule 34 . . . this is an odd conclusion to draw." *Ashford v. City of Milwaukee*, 304 F.R.D. 547, 549 (E.D. Wis. 2015) (citing 7 James Wm. Moore, *Moore's Federal Practice (Civil)* § 34.13[2][c] (3d ed. 2014)). That is so because the inclusion of an automatic-

waiver provision in Rule 33 implies that its omission from Rule 34 is no accident. *Id.* ("If the drafters of the Federal Rules saw fit to include an automatic-waiver provision in Rule 33 and to omit such a provision from Rule 34, that implies that there is no automatic waiver of an untimely objection under Rule 34.") And there are good reasons why Rule 34 may lack such an automatic-waiver provision. The waiver of objections to requests for interrogatories means that the dilatory party has to respond to the interrogatories—which at most means that the party has to prepare a document, namely its response. Complying with document requests can be a bit more involved, and can potentially costs thousands of dollars. It seems draconian to require a party with a valid but untimely objection to potentially incur thousands of dollars to produce documents that the other party would otherwise not be entitled to. This "[w]ould be contrary to the principle that discovery sanctions should be tailored to the severity of the violation." *Id.* (citing *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 605 (7th Cir. 1981)).

Although PEG's waiver argument is supported by the case it cites—*Grange Mut. Ins. Co. v. Sharp Equip. Co. of Reading*, 2002 WL 442823 (E.D. Pa. Mar. 1, 2002), *aff'd sub nom. Nat'l Grange Mut. Ins. Co. v. Sharp Equip. Co. of Reading, PA*, 55 F. App'x 85 (3d Cir. 2003)—this Court is not persuaded by that decision's reasoning. In *Grange*, the court applied Rule 33's automatic-waiver provision to hold that defendant had waived any objections to plaintiff's document requests by failing to timely assert them. But the *Grange* court ignored the difference between the objections provisions of Rule 33 and 34, and the Third Circuit opinion affirming the decision addressed only whether the district court's sanction of dismissal was appropriate; it likewise did not discuss the automatic-waiver issue. *See Sharp*, 55 F. App'x 85. This Court therefore declines to follow *Grange*.

Thus, the Court will not hold that Salsgiver waived all objections to PEG's document requests merely by not responding to those requests. But a party cannot ignore its obligations under the Federal Rules of Civil Procedure with impunity. And Salsgiver's conduct goes beyond a discovery violation; Salsgiver not only failed to comply with its obligation under Rule 34(b)(2)(A) to respond, but it violated this Court's order requiring Salsgiver to begin producing documents by April 28, 2017. (*See* ECF No. 34 ¶ g.) Moreover, even when faced with PEG's motion to compel, Salsgiver failed to state any reason for its dilatory conduct. Although the Court might have held otherwise if Salsgiver had explained itself, a finding of waiver is appropriate here based on Salsgiver's disregard of its obligations. *See Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011) ("Generally, courts will only impose waivers for tardiness under three conditions: (1) where there is no showing of good cause for the late response, (2) where a party has not responded to discovery requests despite court intervention, or (3) where a party has failed entirely to respond" (citing cases)). The Court therefore holds that Salsgiver has waived all objections to PEG's document requests.

## C.    Attorney's Fees

PEG has also requested that Salsgiver be required to "pay PEG all reasonable attorneys' fees associated with its attempts to obtain documents responsive to its [document requests]." (ECF No. 38 at 4.) Because the Court will grant PEG's motion to compel, sanctions in the form of attorney's fees under Rule 37 are appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A) (if the court grants a motion to compel it must, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees"). Salsgiver had an opportunity to be heard on its failure to respond to PEG's document requests by responding to PEG's motion to compel—but it did not do so—and no other circumstances are apparent that would make an award of expenses unjust.

The Court will therefore grant PEG's request for attorney's fees, but it will not paint with as broad a brush as PEG requests. PEG seeks "all reasonable attorneys' fees associated with its attempts to obtain documents responsive to its [document requests]" (ECF No. 38 at 4), yet Rule 37(a)(5)(A) authorizes the Court to impose reasonable expenses that the movant incurred *in making the motion*. The attempts PEG's counsel made to contact Salsgiver's counsel about PEG's document requests were not, strictly speaking, "incurred in making" PEG's motion. It is unlikely that PEG would have had to resort to a motion to compel if Salsgiver's counsel had responded to PEG's counsel. The attempts PEG's counsel made to contact Salsgiver's counsel are thus distinct from the preparation of the motion to compel because those attempts were made as part of the ordinary—though sometimes frustrating—course of litigation. PEG will therefore be granted only the attorney's fees and costs it incurred in preparing its motion to compel.

### D.     Other Sanctions

Finally, PEG requests that this Court impose any additional sanctions that it deems appropriate. The Court does not find additional sanctions appropriate at this time, but notes that Salsgiver's failure to comply with this Court's discovery orders could result in stronger sanctions in the future. *See* Fed. R. Civ. P. 37(b)(2).

**IV.    Conclusion**

PEG's motion to compel and for sanctions will be granted as provided in the order accompanying this memorandum opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEG BANDWIDTH PA, LLC, | ) | Case No. 3:16-cv-178 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| SALSGIVER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**NOW**, this 13th day of July 2017, upon consideration of Plaintiff PEG Bandwidth PA, LLC's motion to compel and for sanctions (ECF No. 37) and for the reasons in the memorandum opinion accompanying this order, it is **HEREBY ORDERED** that PEG's motion is **GRANTED as follows:**

1. **On or before July 20, 2017**, Defendant Salsgiver, Inc. will produce to PEG all documents responsive to PEG's request for production of documents dated January 25, 2017.

2. Salsgiver has waived all objections to PEG's request for production of documents dated January 25, 2017.

3. **On or before July 27, 2017**, PEG shall file an affidavit detailing the attorney's fees it incurred in bringing its motion to compel (ECF No. 37), together with the billing records supporting those fees. Salsgiver may file a response to PEG's affidavit **on or before August 3, 2017**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE